## N. W. PRESTLY *v.* JAMES ROSS.

1. Since the act of March 20, 1845, the defendant may appeal from the judgment of a justice in all cases where, under existing laws, the plaintiff would be entitled to an appeal.

2. Where the sum adjudicated is enlarged by a denial of the defendant's set-off, his right of appeal is within the acts of 1810 and 1814.

ERROR to the Common Pleas of Allegheny.

*Sept.* 6. James Ross brought an action of trespass *vi et armis* before an alderman, against N. W. Prestly, laying his damages at $25. The alderman gave judgment for the plaintiff for $5 and costs, whereupon the defendant appealed. In the Common Pleas the plaintiff took a rule to show cause why this appeal should not be quashed at the appellant's costs. This rule was made absolute. The defendant sued out a writ of error, and assigned for error the quashing of his appeal.

*G. P. Hamilton,* for plaintiff in error.—The defendant below had an undoubted right to appeal from the judgment of the justice. The plaintiff's demand, as set out on the docket of the justice, was $25. The judgment of the justice was for $5; and, consequently, against the plaintiff for $20. In Stewart *v.* Keemle, 4 S. & R. 72, this court held that, "where the suit was in trover, for hay valued at $75, the plaintiff was entitled to his appeal." So, "where the demand of the plaintiff, upon the docket, was in trespass for taking

a chattel, the property of the plaintiff, 'not exceeding $100,' and the case was referred, and the referees found for the defendant, it was held that the plaintiff had a right to appeal:" M'Closkey v. M'Connell, 9 W. 17. By the construction given to the act 22d March, 1814, the plaintiff has the right to appeal when the judgment of the justice reduces his demand below $5.33. And by the express provisions of the act 20th March, 1845, defendants have the right to appeal from the judgments of aldermen and justices of the peace, and from their judgments on award of referees, in all cases wherein, by existing laws, the right of appeal is enjoyed by plaintiffs: Dunlop, 929.

*Glenn*, contrà, cited Stewart v. Keemle; Ulrich v. Larkey, 6 S. & R. 285; M'Gonegal v. Hoffner, 1 Ashmead, 195.

The opinion of this court was delivered by

Bell, J.—It has been long and definitely settled, that both under the acts of March 1810, and of 1814, conferring civil jurisdiction upon justices of the peace, it is the amount of the demand adjudicated, and not merely the numerical amount of the judgment rendered by the justice, that regulates the right of appeal: Stoy v. Yost, 12 S. & R. 385; Soop v. Coates, Ib. 388; Klingensmith v. Noll, 3 P. R. 120; Stewart v. Keemle, 4 S. & R. 72; M'Closkey v. M'Connel, 9 W. 17. Though, therefore, the technical judgment entered should not exceed the sum of $5.33, or, where a reference was had, $20, yet if the amount actually passed upon exceeded these respective sums, the right to appeal was recognised, though perhaps not given by a literal construction of the acts. The right was, however, confined to the plaintiff in the action: Ulrich v. Larkey, 6 S. & R. 285; Zane v. Johnson, 1 Ash. 42; M'Gonegal v. Hoffner, Ib. 195; unless indeed where the defendant had unsuccessfully proffered, as a defence, matter of set-off, exceeding the sums I have named, in which case he was held to be within the spirit of the provision, permitting an appeal: Downey v. Ferry, 2 W. & S. 204. In this condition of the law, the power of appealing to a jury was in a large majority of cases confined to the plaintiff, for it most frequently happened, his demand was alone adjudicated. Where, therefore, the judgment rendered was less than the sums marking the absolute jurisdiction of the justice, the defendant was without further remedy, no matter what might have been the amount actually claimed by the plaintiff. This was continued until the act of 20th March, 1843, when the legislature, moved by the supposed unfairness of restricting this important right to one of the litigants

in exclusion of the other, provided " that the right to appeal from judgments of aldermen and justices of the peace, and from their judgments on awards of referees, should be extended to defendants in all cases wherein, by existing laws, the right of appeal is enjoyed by plaintiffs." Whatever may be thought of the policy of this enactment, the language used is too plain to leave in doubt the intention of the law-makers. The evident object was to make the right of appeal reciprocal in all cases. It cannot be that the class of cases contemplated was, where the defendant preferred a demand against the plaintiff; for here, as we have seen, the defeated party already possessed the privilege. It follows that since the last act, where the defendant claims to bring his defence before a jury, when his right to do so is not deriveable from a denial of his set-off, the inquiry is, would the plaintiff under the circumstances of the particular case, be entitled to an appeal? If so, the express terms of the statute clothe his antagonist with the like advantage.

In the case in hand, it is not to be questioned the plaintiff might have appealed. The amount of his demand, spread upon the justice's docket, was $25, though the judgment actually rendered was for but $5. In granting the motion to quash the defendant's appeal, the court below must have overlooked the statute to which attention has been drawn, and thus fell into the error of following the old adjudications. As the appeal was well taken, it must be restored; although, perhaps, it is to be regretted that so small a matter as this appears to be, should be further prosecuted at an unavoidable expenditure of time and money.

The order quashing the defendant's appeal is reversed, the appeal is reinstated, and the record remitted for further proceedings.